```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JAMES C. STRADER,**

                    **Plaintiff,**

        **v.**                                          **CASE NO. 21-3275-SAC**

**STATE OF KANSAS, et al.,**

                    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in state custody. Petitioner commenced this action in the United States District Court for the Southern District of Georgia. The matter was transferred to this court under 28 U.S.C. § 1406(a)[1] by an order entered in the Southern District of Georgia on November 30, 2021. This court screened the matter and entered an order on December 1, 2021, dismissing certain claims without prejudice and directing plaintiff to submit the full filing fee on or before January 3, 2022.

On December 3, 2021, plaintiff filed a motion (Doc. 7) in which he asks this court to report a federal crime to the "Integrity Unit and Prosecution." Plaintiff states that he did not authorize the e-filing of this matter, and he asserts that his legal mail to the Southern District of Georgia was opened by officials at the Lansing Correctional Facility and filed in this court. Plaintiff does not appear to believe that this matter was

---

[1] As explained in the order, this provision states: "The district court of a district in which is filed a case laying venue in the wrong …district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought."

docketed in the District of Kansas because it was transferred here. Despite plaintiff's assertion that officials tampered with his mail and caused this matter to be opened in the District of Kansas, the record shows that the action was transferred under the governing federal statute by an order that carefully explained the transferring court's conclusion that none of the claims presented has any connection to the Southern District of Georgia.

This court finds plaintiff is not entitled to the relief he seeks. As explained, the record documents the transfer of this matter from the Southern District of Georgia. Likewise, plaintiff's request that the court refer for prosecution his claims of mail tampering must be denied because this court cannot order the initiation of criminal charges. Such a decision lies in the discretion of prosecuting attorneys. *See Presley v. Presley*, 102 F. App'x 636, 636-37 (10th Cir. 2004) (stating that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers").

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for order (Doc. 7) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge