IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                **Plaintiff,**

     **v.**                                                          **CASE NO. 21-3275-SAC**

**STATE OF KANSAS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

    This matter is before the court on plaintiff's combined motion to recuse and motion to present. Plaintiff appears to seek recusal on the ground that this court erred in stating the present matter was transferred from the Southern District of Georgia to the District of Kansas. In support, he attaches an order entered in the Southern District of Georgia on November 29, 2021[1]. Plaintiff appears to remain convinced that officials at the Lansing Correctional Facility opened his outgoing legal mail and caused this matter to be filed in this court.

    In addition, plaintiff points to earlier cases in this court in which he named the undersigned as a defendant.

    Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must

---

[1] The order that he attaches as proof of his filing there was entered on November 29, 2021, and the matter was transferred to the District of Kansas on the following day.

be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff's bare claims do not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at

350- 51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350). The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation ... not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*,

289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Under 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify himself if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). This provision mandates recusal when a judge "is a named defendant in the action before [him]." *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th Cir. 2009) (unpublished). "A judge is not disqualified merely because a litigant sues or threatens to sue him." *Id.* (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied,* 435 U.S. 954 (1978)); *see also Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table) (stating that Section 455(b)(5)(i) has not been construed by courts as requiring automatic disqualification, and to guard against judge-shopping "courts have refused to disqualify themselves under

Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge") (citations omitted); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir.1992) (stating that "[i]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge") (citations omitted); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him") (citations omitted); *In re Murphy*, 598 F. Supp. 2d 121, 124 (D. Me. 2009).

The court has considered the record and finds no grounds that warrant recusal. Plaintiff's prior actions do not provide any ground to suggest that the impartiality of the undersigned has been compromised, nor does his refusal to accept the fact that this matter was transferred to this court. The court concludes that plaintiff has not shown any actual, personal bias against him, nor has he established any ground that would cause a reasonable person to question the impartiality of the undersigned in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to recuse and to present (Doc. 9) is denied.

**IT IS SO ORDERED**.

DATED:  This 10th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge